Case 6:06-cv-00193-GAP-KRS   Document 12   Filed 02/27/06   Page 1 of 2 PageID 72

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BARRY D. DANIELS II,**
**TRACY L. CARD,**
              **Plaintiffs,**

-vs-                                               Case No. 6:06-cv-193-Orl-31KRS

**FEDERAL EMERGENCY**
**MANAGEMENT AGENCY,**
**DEPARTMENT OF HOMELAND**
**SECURITY,**
**FEMA LONG TERM RELIEF OFFICE**
**(ORLANDO DIVISION),**
              **Defendants.**

## ORDER

This matter came before the Court on the Plaintiffs' Motion for a Temporary Restraining Order (Doc. 7), in which they sought to prohibit the Defendants from evicting the Plaintiffs from the house trailer provided to them by the Defendants. On February 17, 2006, the Court granted a Temporary Restraining Order (Doc. 9), and set the case for a hearing on February 27, 2006, at which the parties presented oral argument. The Court now finds that, pursuant to 42 U.S.C. section 5148, the Court lacks jurisdiction to enforce the Temporary Restraining Order, because the Defendants' actions in this case are discretionary.[1]

---

[1] Title 42 section 5148 specifically provides:

The Federal Government shall not be liable for any claim based upon the exercise or performance of or the failure to exercise or perform a discretionary function or duty on the part of a Federal agency or an employee of the Federal Government in carrying out the provisions of this chapter.

42 U.S.C. § 5148. This section applies to actions for damages, as well as to actions for injunctive and declaratory relief. *See Rosas v. Brock*, 826 F.2d 1004, 1008 (11th Cir. 1987).

The statute under which the Plaintiffs brought this action provides that "the President *may* provide temporary housing," 42 U.S.C. § 5174(c)(1)(B)(i) (emphasis supplied), and the term "may" clearly indicates that assistance is discretionary.  *See Lockett v. F.E.M.A.*, 836 F. Supp. 847, 854 (S.D. Fla. 1993).  Further, the Temporary Housing Occupant Dwelling Lease entered into by the Plaintiffs and the Federal Emergency Management Agency provides for a one-month initial term which *may* be renewed for successive one-month terms subject to certain conditions, and which FEMA *may* terminate, at any time, under certain conditions and for a variety of reasons.  Therefore, FEMA's decision-making under this lease, both to renew and/or terminate the agreement, constitutes a discretionary action which is exempted from judicial review by 42 U.S.C. section 5148.  Accordingly, it is

**ORDERED THAT** the Court's Temporary Restraining Order (Doc. 9) is VACATED.  This case is DISMISSED with prejudice, and the Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 27, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party